# EXHIBIT A

Case: 4:25-cv-01718-CMS    Doc. #:  1-1    Filed: 11/21/25    Page: 1 of 8 PageID #: 7

**25SL-CC10555**

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **DONALD PALMER** <br> **AND** <br> **MELISSA PALMER,** <br><br>     **Plaintiffs,** <br><br> **vs.** <br><br> **MERCEDES-BENZ USA, LLC,** <br>    Serve R/Agt: <br>    C T Corporation System <br>    5661 Telegraph Rd, Ste 4B <br>    St. Louis, MO 63129-4275 <br><br>    **Defendant.** | ) <br> ) <br> ) <br> )   Cause No: <br> ) <br> ) <br> )   Division No: <br> ) <br> ) <br> )   **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

## PETITION

**COME NOW** Plaintiffs Donald and Melissa Palmer, by and through their undersigned counsel, and bring this cause of action under the Missouri New Motor Vehicle Warranty Law (§ 407.560 *et seq.*) ("Missouri Lemon Law) and the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*) (the "MMWA"), against Defendant Mercedes-Benz USA, LLC, and in support thereof state to the Court the following:

## BACKGROUND

1. Plaintiffs are natural persons of majority age.

2. Defendant is a foreign corporation registered and in good standing with the Missouri Secretary of State.

3. Defendant is the distributor for and agent of Mercedes Benz Group, a business that manufactures motor vehicles.

4. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V. § 14.

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

5.      This Court has statutory authority to grant the relief requested herein pursuant to § 15 U.S.C. § 2310(d).

6.      Venue is proper in St. Louis County pursuant to § 508.010.2(1) R.S.Mo., where Plaintiffs purchased the Vehicle and where Defendant can be served care of its registered agent.

7.      On October 31, 2024, Plaintiffs purchased a new 2024 Mercedes GLC43 AMG, manufactured and warranted by Defendant, bearing the Vehicle Identification Number W1NKM8HB8RF201875 (hereinafter the "Vehicle"), from The Plaza Motor Company in Creve Coeur, Missouri.

8.      In consideration of the purchase of the Vehicle, Plaintiffs received written warranties from Defendant, including but not limited to the Basic Warranty, which obligated Defendant to cover repairs to the Vehicle to correct any defect in the first 48 months or 50,000 miles.

9.      Within the warranty period, the Vehicle exhibited defects that have required an unreasonable number and length of repair attempts under Defendant's warranty.

10.     Plaintiffs presented his Vehicle to The Plaza Motor Company on or about April 9, 2025, with approximately 6,1455 miles on the odometer, for a number of nonconformities, including but not limited to a rough shift, the healights not projecting correctly, the rear windshield washer not working, the rain sensor for the windshield wipers not operating properly, the tailgate close button not operating consistently, and the kick to close feature on the tailgate not operating properly.

11.     The Plaza Motor Company confirmed the defects with the Vehicle and performed a repair attempt under Defendant's warranty.

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

12.   The Vehicle underwent additional warranty repair attempts from July 10 – 16, 2025 and August 5-6, 2025, for the same defects, including but not limited to the harsh shifting, the tailgate not closing, the rain sensor for the front windshield not working, and the front headlights not projecting the proper distance.

13.   On September 5, 2025, Plaintiff presented the Vehicle to The Plaza Motor Company for a fourth repair attempt because the Vehicle was still jerking into gear and the windshield wipers not coming despite rainy conditions.

14.   The Plaza Motor Company performed a shift adaptation on the tranmsision and found the control unit for the rain sensor installed incorrectly, as well as found diagonistic trouble code B229676, indicating a defect with the assembly position of a camera.

15.   The Vehicle remained at  The Plaza Motor Company through September 15, 2025 undergoing work covered by Defendant's warranty.

16.   Plaintiffs have lost confidence with the Vehicle and with Defendant's ability to repair the Vehicle.

## COUNT I
## VIOLATION OF THE MISSOURI LEMON LAW

17. Plaintiffs hereby reaver and incorporate by reference all statements and allegations previously set forth as if fully rewritten herein.

18. Plaintiffs are each a "Consumer" as defined by § 407.560(3) R.S.Mo.

19. Defendant is a "Manufacturer" as defined by § 407.560(5) R.S.Mo.

20. The Vehicle is a "New Motor Vehicle" as defined by § 407.560(6) R.S.Mo.s

21. The warranties issued by Defendant to Plaintiffs are "express warrant[ies]" as defined

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

by § 407.560(4) R.S.Mo.

22. Plaintiffs had the Vehicle serviced at Defendant's "Authorized Dealer" as that term is used throughout the Missouri Lemon Law, namely ____.

23. Defendant's "Authorized Dealer" is an agent of Defendant for purposes of repairing the Vehicle.

24. Defendant, through its authorized dealers, has been unable, unwilling and has refused to conform the Vehicle to the express warranties by repairing one or more nonconformities within a reasonable number of attempts.

25. Plaintiffs notified Defendant of the nonconformities with the Vehicle as required by § 407.565 R.S.Mo.

26. The nonconformities with the Vehicle substantially impair its use, market value, and safety.

WHEREFORE, Plaintiffs respectfully demand damages in excess of $25,000.00 consisting of:

A. The "full purchase price" of the Vehicle, collateral charges, finance charges, incidental and consequential damages;

B. Costs, including expert witness fees and reasonable attorney's fees; and

C. For such other relief as this court deems just and proper

## COUNT II
## VIOLATION OF THE MMWA

27. Plaintiffs hereby reaver and incorporate by reference all statements and allegations previously set forth as if fully rewritten herein.

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

28. The Vehicle is a "Consumer Product" as defined by 15 U.S.C. § 2301(1), in that it is tangible personal property, distributed in commerce, and is of a kind normally used for personal and household purposes.

29. Plaintiffs are each a "Consumer" as defined by 15 U.S. C. § 2301(3), in that they purchased a consumer product, namely, the Vehicle.

30. Plaintiffs are each a "Buyer" per § 400.2-103 R.S.Mo.. in that they bought goods, namely, the Vehicle.

31. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it supplied the Vehicle and written warranty on the Vehicle.

32. By its actions and affirmations, Defendant created an express warranty for the Vehicle, per § 400.2-313 R.S.Mo.

33. Defendant is a "Seller" per § 400.2-103 R.S.Mo.

34. Defendant is a merchant with respect to vehicles, in that it holds itself out as a manufacturer having knowledge about vehicles in general.

35. A warranty that the vehicle be merchantable was therefore implied in Plaintiffs' purchase, pursuant to § 400.2-314 R.S.Mo.

36. Defendant thus also provided Plaintiffs an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

37. One or more of the warranties Defendant provided Plaintiffs was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

38. 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

39.     Defendant has failed to comply with its obligations under the written warranty, in that although the warranty required Defendant to repair the Vehicle, the attempts were either unsuccessful or not performed, such that the nonconformities with the vehicle are ongoing.

40.     Defendant has also failed to comply with its obligation to "remedy such consumer product within a reasonable time and without charge, in the case of a defect" per 15 U.S.C. § 2304(a)(1).

41.     Defendant has been afforded a reasonable opportunity to cure the Vehicle's nonconformities pursuant to 15 U.S.C. § 2310(e).

42.     Defendant was unable and/or unwilling to remedy the Vehicle within a reasonable time and without charge, in violation of 15 U.S.C. § 2304(a)(1).

43.     The defects and nonconformities that the Vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, per § 400.2-314 R.S.Mo.

44.     Plaintiffs notified Defendant regarding a breach of warranty within a reasonable time after Plaintiffs discovered defects with the Vehicle.

45.     The defects of, and circumstances relating to, the Vehicle have caused any exclusive or limited remedy to fail of its essential purpose.

46.     The warranties issued on the Vehicle by Defendant have failed of their essential purpose.

47.     As a direct and proximate result of Defendant's failure to comply with the express written warranties and/or implied warranties, Plaintiffs have suffered and continues to suffer damages.

Electronically Filed - St Louis County - September 23, 2025 - 09:56 PM

48.    As a result of the unreasonable repair attempts made by Defendant, the value of the Vehicle at the time of purchase was zero.

49.    Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs seek all Costs, including attorney's fees and expert witness fees.

**WHEREFORE,** Plaintiffs respectfully demand damages consisting of the return of all payments on the Vehicle, collateral charges, finance charges, incidental and consequential damages, costs, including expert witness fees and reasonable attorney's fees, and for such other relief as this court deems just and proper.

Respectfully submitted,

BRODY & CORNWELL

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
Clayton, MO 63105
Ph:   (314) 932-1068 / Fax: (314) 228-0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiffs*